USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4-23-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ANTHONY GRACE,

                Plaintiff,

      -against-

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---------------------------------------------------------------x

1:11-cv-09162 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Irwin B. Silverman, attorney for Plaintiff Anthony Grace moves for attorney's fees in the amount of $12,496.48 pursuant to 42 U.S.C. § 406(b). (Dkt. 33). The Commissioner of Social Security ("the Commissioner") has provided several reasons to deny or circumscribe the fees to be awarded to Attorney Silverman due the untimeliness of his motion. (Dkt. 35). After careful review of the parties' submissions and the case law, the Court finds that counsel's request is untimely and denies the motion.

## BACKGROUND

Plaintiff Anthony Grace commenced action against the Social Security Administration ("SSA") in December of 2011 seeking disability benefits. As reflected in his time entries, on November 21, 2014, Attorney Silverman received a "Notice of Decision – Fully Favorable" from the SSA. (Dkt. 34 Ex. 1). Counsel then received an initial "Notice of Award" on December

1

23, 2014, followed by an "AMENDED Notice of Award" on January 5, 2015. (*Id.*). On November 4, 2015, Attorney Silverman attempted to move for attorney's fees, but his filing was deficient. Nearly two years later, on September 12, 2017, counsel properly filed his motion for attorney's fees which is the subject of this opinion. Attorney Silverman's motion requests $12,496.48, which represents 25% of the withheld past-due benefits owed to Grace. Counsel's motion notes that these fees would be in addition to $6000.00 he was awarded by the SSA for representing Plaintiff before the SSA.

## ANALYSIS

Under 42 U.S.C. § 406(b)(1)(A), an attorney whose client receives a favorable judgment from the SSA can make an application for fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Though § 406(b) articulates a basis for fee applications, it "does not contain a time limitation for filing fee applications and there is no applicable local rule," therefore "Fed. R. Civ. P. 54(d) would govern." *Garland v. Astrue*, 492 F. Supp. 2d 216, 219 (E.D.N.Y. 2007). Fed. R. Civ. P. 54(d) provides that "[u]nless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(A).

Courts, however, have cautioned against a rote application of Rule 54(d), as "an award of past-due benefits is a condition precedent to a Section 406 fee application, any motion filed within Rule 54(d)'s time limit would almost invariably be premature." *Geertgens v. Colvin*, No. 13 CIV. 5133 (JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016) (citing *Walker v. Astrue*, 593 F.3d 274, 278 (3d Cir. 2010)). As a result, several courts have adopted a doctrine of

equitable tolling,[1] holding that "'the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award.'" *Sinkler v. Berryhill*, No. 6:14-CV-06460 EAW, 2018 WL 1748346, at *3 (W.D.N.Y. Apr. 11, 2018) (citing *Walker*, 593 F.3d at 280). While the Second Circuit has not provided guidance on this issue, the Court agrees with the other circuit and district courts that have applied Rule 54(d) and adopted the approach to tolling outlined above.

Here, Attorney Silverman was notified of the award in January of 2015. Rather than file a motion for attorney's fees at that time, counsel delayed his application until November of 2015. The November application was improperly filed, and counsel did not properly file his motion for fees for nearly another two years. As counsel's motion was filed well after 14 days of him being notified of the SSA's award, and he has since made no effort to explain the reason for his delay, the Court will not grant his application.

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel's § 406(b) motion for attorney's fees is denied.

**SO ORDERED.**

**Dated: April 20, 2018**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[1] An alternative approach to assessing the timeliness of a fee application proposed by the Tenth Circuit requires courts to evaluate whether a fee application was made within a reasonable time of the Commissioner's decision granting an award. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). We decline to follow this approach for the reasons articulated by Judge Wolford in *Sinkler v. Berryhill*, No. 6:14-CV-06460 EAW, 2018 WL 1748346, at *5-7 (W.D.N.Y. Apr. 11, 2018) (reasoning that the "reasonableness inquiry" to assess the timeliness of a motion is not grounded in sound legal principles and creates practical concerns, as what is "reasonable" is more difficult to ascertain than whether or not 14 days have elapsed).